IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ISAAC GRAHAM, | : | |
|             Petitioner, | : | |
| VS. | : | |
| | : | CIVIL ACTION NO.: 1:11-CV-123 (WLS) |
| JOSEPH BADEN, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
|            Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner **ISAAC GRAHAM**, an inmate at Calhoun State Prison in Morgan, Georgia, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner also requested to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) and the Court granted this motion in an Order dated September 21, 2011. (ECF No. 5).

This matter is before this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides as follows:

> The clerk must promptly forward the [habeas corpus] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

## I. PROCEDURAL HISTORY

Petitioner seeks to challenge his June 29, 1971 guilty plea in the Dougherty County Superior Court.[1] In response to this Court's Order to Supplement, Petitioner indicates that he did not file a direct appeal and he has not filed a state habeas action challenging this conviction or sentence. (ECF

---

[1] Information at www.dcor.state.ga shows that Plaintiff is currently serving a life sentence for murder.

No. 6, at p.1). Instead, he filed a "Motion to Vacate Void Judgment and Sentence" in the Dougherty County Superior Court on November 1, 2009. Petitioner states that he has received no correspondence or ruling from the Court despite his "request for status report date[d] 1-20-10 along with [a] motion to compel pursuant to O.C.G.A. § 15-6-21." (ECF No. 6, at 1). He also states that he filed "a notice and memorandum to file mandamus" on March 9, 2010 and he "has not received any correspondence pertaining to [this] mandamus." (ECF No. 6, at 1).

## II. EXHAUSTION

It does not appear that Petitioner has exhausted his state remedies. The Eleventh Circuit has explained exhaustion as follows:

> Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. To exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

*Maples v. Allen*, 586 F.3d 879, 886 (11th Cir. 2009).

Petitioner has not invoked "one complete round of the State's established appellate review process." *Id*.

Plaintiff claims, however, that the State's remedies are ineffective because he has been subjected to unreasonable and inexplicable delays. The Eleventh Circuit has held that "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state has unreasonably or without explanation failed to address his petitions for relief." *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991). In this case, Petitioner has had a "Motion to Vacate Void Judgment and Sentence" pending before the Dougherty County Superior Court for almost two years and a mandamus pending for over one year. Because Petitioner has experienced an unjustified delay, it is possible that he might be relieved of the exhaustion requirement.[2] *Id.*; *See Cook v.*

---

[2] Ground One for relief shown on Petitioner's habeas application reads as follows: "Petitioner suffers from an inordinate delay upon properly filed motion." Petitioner lists no other grounds for relief.

*Florida Parole & Probation Comm'n* 749 F.2d 678 (11th Cir. 1985); *St. Jules v. Beto*, 462 F.2d 1365 (5th Cir. 1972); *Rheuark v. Wade*, 540 F.2d 1282 (5th Cir. 1976); *Breazeale v. Bradley*, 582 F.2d 5 (5th Cir. 1978).[3]

In such a situation, the Court would normally allow this action to go forward and order the Respondent to file an answer or other appropriate motion in compliance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  However, it appears that Petitioner's action suffers from an additional defect that precludes relief in this Court.  Specifically, it appears that Petitioner's application is untimely under 28 U.S.C. § 2244(d)

### III.  STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2244 (d)

The Antiterrorism and Effective Death Penalty Act (AEDPA), which went into effect on April 24, 1996, "imposes a one-year statute of limitations on all federal habeas corpus petitions." *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). The relevant provisions in 28 U.S.C. §2244 (d) are as follows:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by

---

This Court cannot compel the Dougherty County Superior Court judges to undertake any action.  Actions in the nature of mandamus to direct local or state officials in the performance of their ditues are not within the jurisdiction of the United States District Courts.  *See Moye v. Clerk, Dekalb County Superior Court,* 474 F.2d 1275 (5th Cir. 1973); *Noe v. Metropolitan Atlanta Rapid Transit Auth.*, 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.); *Ferguson v Alabama Crim. Justice Info. Ctr.*, 962 F. Supp. 1446 (M. D. Ala. 1997).

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner signed and dated this habeas corpus petition September 8, 2011. As explained above, Petitioner is challenging a June 29, 1971 conviction and sentence. Petitioner's one year limitations period started to run from the date his judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner pled guilty and did not file a direct appeal from his conviction and sentence. Therefore, his conviction became final upon "the expiration of the time for seeking" appellate review. **Bridges v. Johnson**, 284 F.3d 1201, 1202 (11th Cir. 2002). It appears this would have been thirty days after his guilty plea was entered on June 29, 1971. **Id.**; O.C.G.A. § 5-6-38 (providing thirty days to file a notice of appeal).

This, of course, was long before AEDPA was enacted. A federal habeas corpus petitioner whose conviction became final before AEDPA's effective date has one year from April 24, 1996 in which to timely file his federal petition. **Nyland v. Moore**, 216 F.3d 1264, 1267 (11th Cir. 2000). Moreover, pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

---

[4] Petitioner does not allege, and the habeas applications contain no indication, that 28 U.S.C. § 2244(d)(1)(B)-(D) apply to his case.

is pending" does not count toward the one-year limitation period.  Therefore, Petitioner had until April 24, 1997 to file his federal habeas corpus petition in this Court or to properly file an "application for State post-conviction or other collateral review" in order to toll the running of the statute of limitations.  *Id*.  Petitioner states he did not file any type of action until November 1, 2009, when he filed a "Motion to Vacate Void Judgment and Sentence" in the Dougherty County Superior Court.  Even assuming this motion is a properly filed "application for State post-conviction or other collateral review," the statute of limitations had expired over twelve years previously on April 24, 1997.  While a properly filed "application for State post-conviction or other collateral review" can toll the one-year federal limitations period, it cannot reset it.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (explaining that a state court habeas petition that is filed following the expiration of the federal limitations period cannot toll that period).

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2),  AEDPA's one-year limitation period is subject to equitable tolling in certain exceptional cases.  *See Holland v. Florida*, 130 S. Ct. 2549 (2010).  Section 2244 "permits equitable tolling 'when a movant untimely files because of  extraordinary circumstances that are both beyond his control and unavoidable with diligence'."  *Steed v. Head*, 291 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1291 (11th Cir. 1999)).  Petitioner bears the burden of showing that equitable tolling applies in his case.  *Drew v. Dep't of Corr*., 297 F3d 1278, 1286 (11th Cir. 2002).  Petitioner has not alleged any extraordinary circumstances that were beyond his control and that were unavoidable with diligence.  Therefore, he would not be entitled to equitable tolling.

Consequently, the current 28 U.S.C. § 2254 petition is untimely and is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.[5]

**IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS***

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

" A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); ***Slack v. McDaniel***, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Because the petition is clearly time barred, Petitioner cannot satisfy the second prong of the ***Slack*** test.

---

[5] In ***Jackson v. Sec'y for the Dep't of Corr.***, 292 F.3d 1347 (11th Cir. 2002), the Eleventh Circuit held that a "district court may review *sua sponte* the timeliness of the section 2254 petition." *Id*. at 1349. The Supreme Court has held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." ***Day v. McDonough***, 126 S. Ct. 1675, 1684 (2006). The Supreme Court held, however, that "before acting on its own initiative, a court must accord the parties fair notice to present their positions on the timeliness issue." *Id.* This Recommendation provides Petitioner "fair notice" of the timeliness issue and gives Petitioner an opportunity to present his position on the issue by filing objections to the Recommendation. *See **Butler v. Frazier***, No. 1:11-CV-682-TWT-ECS, 2011 U. S. Dist. LEXIS 47237 at *2 n.1 (N. D. Ga. May 31, 2011); ***Rogers v. Superior Court of Laurens County***, No. CV 311-001, 2011 U. S. Dist. LEXIS 32258 (S. D. Ga. March 18, 2011)(Recommendation to dismiss 28 U.S.C. § 2254 action as untimely).

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

Accordingly, the Undersigned **RECOMMENDS** the instant petition be **DISMISSED** as time barred and that the Court deny a COA in its final order.

Under 28 U.S.C. § 636(b)(1) Plaintiff may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 3rd day of October, 2011.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE


lnb